NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LLOYD ALBERT PAYNE, | No. 17-15781 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00313-LJO-BAM |
| v. | |
| S. BUTLER; A. GUTIERRES, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 13, 2018[**]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

California state prisoner Lloyd Albert Payne appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to a serious medical need.  We have jurisdiction under 28 U.S.C. §

1291.  We review de novo.  *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1062, 1074 (9th Cir. 2013).  We affirm.

The district court properly granted summary judgment for defendant Gutierrez because Payne failed to raise a genuine dispute of material fact as to whether Gutierrez was personally involved in the alleged violation of Payne's rights.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant").

The district court properly granted summary judgment for defendant Butler because Payne failed to raise a genuine dispute of material fact as to whether Butler "acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Lemire*, 726 F.3d at 1074 (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**